IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY BOX | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-0864-L |
| | § | |
| ST. PAUL FIRE & MARINE | § | |
| INSURANCE COMPANY, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Larry Box against St. Paul Fire & Marine Insurance Company, the Texas Department of Insurance, and various attorneys and legal professionals arising out of the denial of worker's compensation benefits in 1998. On April 26, 2011, plaintiff tendered a one-page handwritten complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on May 9, 2011. The court now determines that this case should be summarily dismissed for lack of subject matter jurisdiction.

II.

As best the court can decipher his pleadings, plaintiff appears to contest the denial of worker's compensation benefits for an on-the-job injury he sustained in 1998. *(See* Plf. Compl.; Mag. J. Interrog. #6). Plaintiff also accuses his former attorney and others of misconduct in connection with a state court lawsuit seeking reinstatement of those benefits, which was referred to mediation sometime in 2005. *(See* Mag. J. Interrog. #1, 5, 7). In the instant case, plaintiff seeks nearly $100,000 in damages from the defendants.

III.

The court must initially examine the basis for federal subject matter jurisdiction. Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331 & 1332(a). A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 771 (1996).

Plaintiff has failed to state a cognizable claim arising under federal law. In his complaint and interrogatory answers, plaintiff attempts to sue for the wrongful denial of worker's compensation benefits. However, the worker's compensation laws enacted by the Texas Legislature and codified in the Texas Labor Code do not arise under the Constitution, laws, or treaties of the United States. *See Buenteo v. SBC Communications, Inc.*, No. H-05-3154, 2006 WL 870622 at *2 (S.D. Tex. Apr. 4, 2006). Similarly, plaintiff's legal malpractice claim against his former attorney does not give rise to federal question jurisdiction. *Singh v. Duane Morris, LLP*, 538 F.3d 334, 339 (5th Cir. 2008) (noting that "[l]egal malpractice has traditionally been the domain of state law"); *see also SMWNPF*

*Holdings, Inc. v. Devore*, 165 F.3d 360, 364 (5th Cir. 1999); *Woodburn v. Turley*, 625 F.2d 589, 592 (5th Cir. 1980).[1]

Nor is there any basis for federal diversity jurisdiction. It is apparent from the face of the complaint and interrogatory answers that plaintiff and at least four defendants -- the Texas Department of Insurance, Christian Jenkins, George Paradise, and the law firm of Rogers, Booker & Trevino -- are citizens of Texas. (*See* Mag. J. Interrog. #5). Thus, federal diversity jurisdiction is not proper. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74, 98 S.Ct. 2396, 2402-03, 57 L.Ed.2d 274 (1978) (in order for a federal court to exercise diversity jurisdiction, the citizenship of *all* plaintiffs must be different from the citizenship of *all* defendants).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed without prejudice for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

---

[1] Plaintiff further argues that the court has federal subject matter jurisdiction because his prior lawsuit "went to mediation on or about 10-05." (*See* Mag. J. Interrog. #4). Not only was the prior lawsuit brought in Texas state court, but the mediation of a legal dispute does not create federal subject matter jurisdiction in any event.

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 11, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE